ORIGINAL

### In the United States Court of Federal Claims

No. 11-176 C

(Filed June 23, 2016)

**UNPUBLISHED**

FILED

JUN 2 3 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * *
PERRY L. BROCK D/B/A              *
MACHINE TECHNOLOGIES,            *
                                 *
            Plaintiff,           *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
* * * * * * * * * * * * * * * * * * * *
```

Motion for Reconsideration,
RCFC 59; Motion for Relief from
a Judgment or Order, RCFC 60.

*Perry L. Brock d/b/a Machine Technologies*, Lynchburg, TN, *pro se* plaintiff.

*Jimmy S. McBirney*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Allison Kidd-Miller*, Assistant Director, Washington, DC, for defendant.

───────────────

**OPINION**

───────────────

**Bush**, *Senior Judge.*

    Now pending before the court is plaintiff Perry L. Brock's January 28, 2016 Motion for Reconsideration/Motion for Relief from Judgment of the court's June 7, 2012 decision granting the government's motion for partial dismissal and for

summary judgment. *See Brock v. United States*, No. 11-176, 2012 WL 2057036 (Fed. Cl. June 7, 2012) (*Brock III*). The filing of an opposition brief from the government was required by the court; a reply brief submitted by plaintiff was filed by leave of the court. For the reasons stated below, the court denies Mr. Brock's motion. The court notes that a previous motion for reconsideration of the court's dismissal of this suit was rejected on August 3, 2012. *See Brock v. United States*, No. 11-176, slip op. (Fed. Cl. Aug. 3, 2012) (*Brock IV*).

## BACKGROUND

This is the latest round in Mr. Brock's persistent legal challenges to the government's administration of his contract with the Defense Contract Management Agency (DCMA). Plaintiff supplied "flight control rigging sets" to the United States Army. *Brock III*, 2012 WL 2057036, at *1. His first suit before this court related to plaintiff's government contract was dismissed for lack of jurisdiction, in part, because Mr. Brock had not satisfied the jurisdictional requirement of first submitting a claim to the agency's contracting officer. *See Brock v. United States*, No. 09-384, slip op. at 16 (Fed. Cl. Apr. 6, 2010) (*Brock I*). Mr. Brock timely filed a motion for reconsideration of that dismissal, which was denied. *See Brock v. United States*, No. 09-384, 2010 WL 3199837 (Fed. Cl. July 20, 2010) (*Brock II*).

Mr. Brock's contract was terminated for default on March 17, 2011. *Brock III*, 2012 WL 2057036, at *5. His second suit in this court was dismissed, in part, because the government established "clear justification" for the default termination. *Id.* at *15. Mr. Brock's timely motion for reconsideration of the dismissal of his second suit was denied in *Brock IV*.

About one month later, on September 17, 2012, Mr. Brock filed a related suit in the United States District Court for the Eastern District of Tennessee. That suit was dismissed for failure to serve eleven federal officer defendants. *See Brock v. Eleven Officers of U.S. Dep't of Defense*, No. 1:12-cv-308-CLC-WBC (Nov. 25, 2013) (*Brock V*). About eight months later, Mr. Brock filed another related suit in the United States District Court for the Eastern District of Tennessee. That suit was dismissed, with prejudice, for failure to state a claim upon which relief may be granted. *See Brock v. Obama*, No. 4:14-cv-50-HSM-SKL (Nov. 23, 2015) (*Brock VI*) (order dismissing case). Mr. Brock's attempts to

obtain reconsideration or relief from judgment were denied by the district court. *Brock v. Obama*, No. 4:14-cv-50-HSM-SKL (Jan. 15, 2016) (*Brock VII*) (order denying reconsideration).

Approximately two weeks after the district court judge, in *Brock VII*, denied Mr. Brock's motion for reconsideration or relief from judgment, plaintiff filed the motion that is now before this court. It appears that Mr. Brock may have found inspiration in *Brock VI*, the dismissal of his second suit filed in the district court, for the filing of his current Motion for Reconsideration/Motion for Relief from Judgment. The current motion attempts to void the dismissal, three and a half years ago, of his second suit in this court. In *Brock VI*, the district court judge's dismissal order contained the following comments:

> [I]t is not clear to the Court that Plaintiff's grievance is actually against President Obama or Attorney General Holder; rather, it appears to the Court that Plaintiff primarily intends to use this lawsuit as a means by which to challenge various adverse rulings issued by other federal courts and judges. If Plaintiff wishes to challenge those rulings, he may request permission from those courts and/or judges to either reopen his cases or to file belated appeals. Plaintiff may also request recusal of the judge or judges that he believes has committed fraud. However, in no event does this Court have the authority to overrule or otherwise review the decisions of other district court judges or the Court of Federal Claims or to grant the relief that Plaintiff has requested.

*Brock VI*, at 11. Indeed, Mr. Brock's pending motion attempts to re-open this case, to belatedly "appeal" the court's judgment entered June 7, 2012, and to disqualify (*i.e.*, obtain recusal) of the undersigned judge. These attempts are misguided.

Turning to the June 7, 2012 decision of this court that is the focus of plaintiff's motion, the court reproduces here the summary it provided Mr. Brock in 2012:

3

In this case, Mr. Brock sought both monetary damages and injunctive relief pursuant to a number of constitutional provisions, statutes, and regulations. He also raised several contract claims under the Contract Disputes Act of 1978, 41 U.S.C.A. §§ 7101-7109 (West Supp. 2011) (CDA). The court ultimately granted the government's motion for partial dismissal and for summary judgment. First, the court held that it did not possess subject matter jurisdiction over most of the constitutional, statutory and regulatory claims raised in the complaint, as well as certain of Mr. Brock's contract claims, and therefore dismissed those claims under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Next, the court dismissed Mr. Brock's takings claim under RCFC 12(b)(6) for failure to state a claim upon which relief could be granted. Finally, the court granted summary judgment to the government with respect to the remaining contract claims set forth in the complaint.

*Brock IV*, at 2. The court also provided Mr. Brock with the standard for reconsideration of a final judgment of this court, which was not met in 2012 and which has not been met now, four years later. *Id.* at 2-3. The court noted, in addition, that plaintiff could file an appeal of the court's judgment, *id.* at 4-5, but plaintiff declined to do so.

In his pending motion, Mr. Brock states that he did not trust the "mention" by the undersigned in *Brock IV* of his appeal rights, and that he could not afford an appeal which he mistakenly characterizes as a "collateral attack" on this court's judgment. Pl.'s Mot. at 9-10. Because plaintiff did not file a direct appeal of this court's judgment, the relief available from this court is limited to that provided under RCFC 59 or 60, both of which are invoked in the caption of plaintiff's motion. Plaintiff titled his motion

Plaintiff's Rule 60(d)(1) and 60(b)(4),
60(b)(6) Motion for Fraud and/or Fraud on
the Court and/or Void Judgment

4

Plaintiff's Rule 59 Motion for a New Trial
Notice of a Manifest Injustice

*Id.* at 1 (formatted for improved clarity).

Plaintiff's Rule 59/Rule 60 motion is not organized in a manner which assigns its numerous allegations specifically to Rule 59, Rule 60(b)(4), Rule 60(b)(6), Rule 60(b)(3) or Rule 60(d)(3).[1] It falls upon the court, therefore, to bring some coherence to Mr. Brock's rambling critique of the dismissal of his case. The court has attempted to discern the broad themes of plaintiff's motion, and has analyzed these themes under the standards described below.

## DISCUSSION

### I.     Standard of Review for RCFC 59

Pursuant to the rules of this court, a plaintiff may be granted reconsideration of the court's disposition of a case "for any reason for which a new trial has heretofore been granted in an action at law in federal court [or] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1)(A)-(B). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). "For a movant to prevail, he must point to a manifest error of law or mistake of fact." *Pikeville Coal Co. v. United States*, 37 Fed. Cl. 304, 313 (1997) (citation omitted). The court must be persuaded: "'(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *Griswold v. United States*, 61 Fed. Cl. 458, 461 (2004) (quoting *First Fed. Lincoln Bank v. United States*, 60 Fed. Cl. 501, 502 (2004)). A plaintiff in this court has twenty-eight days within which to file a motion for reconsideration. RCFC 59(b)(1).

It is important to note that a motion for reconsideration of a final judgment

---

[1]  Although plaintiff cites Rule 60(d)(1), his frequent references to fraud and to fraud on the court point to RCFC 60(b)(3) or RCFC 60(d)(3), not RCFC 60(d)(1).

functions not as another round of briefing in an open case, but as a request for extraordinary relief in a matter that is now closed. *See Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (table))). "The purpose served is not to afford a party dissatisfied with the result an opportunity to reargue its case." *A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 704 (2007) (citations omitted). Thus, RCFC 59 does not provide an occasion for a party "to raise arguments that it could have raised previously, but did not." *Browning Ferris Indus., Inc. & Subsidiaries v. United States*, No. 05-738, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007) (*Browning Ferris*) (citations omitted). "Similarly, motions for reconsideration are not intended to allow a party to reassert arguments that the Court already has considered." *Id.* (citations omitted). Absent extraordinary circumstances, a motion for reconsideration will not be granted. *See Caldwell*, 391 F.3d at 1235.

## II.    Standard of Review for RCFC 60(b) Motions

The two specific grounds for relief identified by plaintiff under RCFC 60(b) were 60(b)(4) and 60(b)(6). Pl.'s Mot. at 1. RCFC 60(b)(4) permits relief from a judgment of this court if "the judgment is void." RCFC 60(b)(6) permits relief from a judgment for "any other reason that justifies relief." A grant of relief under either provision of RCFC 60(b) is within the discretion of the trial court. *Sioux Tribe of Indians v. United States*, 862 F.2d 275, 279 (Fed. Cir. 1988) (citing *United States v. Atkinson*, 748 F.2d 659, 660 (Fed. Cir. 1984)). It is important to note that a motion under Rule 60(b) is not a permissible substitute for an appeal to the United States Court of Appeals for the Federal Circuit, this court's appellate forum. *See Patton v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1028 (Fed. Cir. 1994) (acknowledging "the settled principle that [RCFC 60(b)] is not to be used as a substitute for an appeal" (citing *Ackermann v. United States*, 340 U.S. 193, 198-99 (1950))).

### A.    RCFC 60(b)(4)

A judgment is not void under RCFC 60(b)(4) merely "because it may be technically defective or erroneous in some respect." *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 541 (2011) (citations omitted), *aff'd*, 485 F. App'x

435 (Fed. Cir. 2012). "'Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Absent jurisdictional infirmity or a violation of due process, relief under RCFC 60(b)(4) is unavailable. *Id.*

### B.   RCFC 60(b)(6)

As for Rule 60(b)(6), the United States Supreme Court has explained that under this rule, relief from judgment may be granted to further the interests of justice, but only in extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citations omitted). As this court has often held, "[r]elief from a final judgment pursuant to RCFC 60(b)(6) requires a showing of exceptional or extraordinary circumstances." *Greenbrier v. United States*, 75 Fed. Cl. 637, 641 (2007) (citations omitted). To succeed under RCFC 60(b)(6), a movant must therefore point to "rare, unusual, or extraordinary circumstances" that justify relief from a judgment. *Dean v. United States*, 17 Cl. Ct. 852, 854 (1989).

### III.   Standard of Review for RCFC 60(b)(3) or RCFC 60(d)(3) Motions

To obtain relief from a judgment under either RCFC 60(b)(3) ("fraud . . . , misrepresentation, or misconduct by an opposing party") or RCFC 60(d)(3) ("fraud on the court"), the movant must first show by clear and convincing evidence that fraud, misrepresentation or misconduct occurred. *See, e.g., Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010) (*Madison Services*). Mere "unsubstantiated innuendo and uncorroborated inferences" do not satisfy this evidentiary standard. *Id.* The movant must also show that fraud or other misconduct foreclosed a full and fair opportunity to obtain justice from the tribunal. *Dobyns v. United States*, No. 08-700, 2016 WL 3211222, at *5 (Fed. Cl. Mar. 2, 2016). Fraud on the court under RCFC 60(d)(3) requires, in addition, proof of egregious behavior which had a direct effect on the integrity of the court's function. *Id.* A motion for relief under RCFC 60(b)(3) must be brought within one year of the entry of judgment. *See* RCFC 60(c)(1).

### IV.   Analysis of Plaintiff's Motion for Reconsideration

## A.    The Motion for Reconsideration Is Untimely

In Mr. Brock's motion, he urges reconsideration of the court's opinion issued June 7, 2012.  Judgment was entered that same day.  Because judgment was entered in this case on June 7, 2012, under RCFC 59(b)(1) Mr. Brock was required to file any motion for reconsideration no later than July 5, 2012.  Plaintiff filed his pending Rule 59 motion three and a half years after that deadline, on January 28, 2016.  RCFC 6(b) states that the court "must not extend the time to act under RCFC . . . 59(b)."  RCFC 6(b)(2).  Accordingly, the motion for reconsideration now before the court is untimely and cannot be considered.  *Id.*

## B.    The Motion for Reconsideration Is Without Merit

Even if Mr. Brock's Rule 59 motion had been filed within the required time frame, the court would have denied that motion because it lacks merit.  As noted above, plaintiff must demonstrate that:  (a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice.  *See Griswold*, 61 Fed. Cl. at 461.  Moreover, it is well settled that a motion for reconsideration may not be used simply as "an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected."  *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000) (citing *Stelco Holding v. United States*, 45 Fed. Cl. 541, 542 (2000)).

Mr. Brock does not claim that there has been an intervening change in the law, nor does he contend that there is any new evidence that was not available at the time of the court's prior decision.  Mr. Brock must therefore demonstrate that denial of his motion for reconsideration would result in manifest injustice.  The court is not persuaded that he has done so here.

Mr. Brock's motion contains three main themes which might address the issue of manifest injustice.[2]  First, he asserts that evidence filed in his initial case was "ignored" by the undersigned judge when dismissing his second case before

---

[2]/  The court reserves its analysis of plaintiff's allegations of ethical violations for sections of this opinion which address the topics of fraud and judicial disqualification.

this court:

> The subject matter is supported by prima facie evidence
> filed with the original complaint (USCFC case 09-384C).
> It was incorporated into the instant suit by common
> subject matter to the amended complaint.  Judge Bush
> ignored that evidence in violation of summary judgment
> law and precedent.

Pl.'s Mot. at 2 (reformatted for improved clarity).  This allegation of "ignored evidence" does not excuse plaintiff's failure to supply evidence to support his claims in this case.

The court notes at the outset that plaintiff was permitted to amend the complaint filed in this case twice, on April 7, 2011 and August 11, 2011.  He therefore had three opportunities – on March 21, 2011 when he first filed this action, and on April 7, 2011 and on August 11, 2011, when he amended his complaint – to provide the court with any evidence to support his claims.  The court did not ignore evidence provided by plaintiff in this litigation – plaintiff failed to provide the evidence.  Mr. Brock now implies that crucial evidence was contained in the closed file of a dismissed case.  Plaintiff, however, made no attempt to proffer evidence from the closed case when he opposed the government's motion to dismiss/motion for summary judgment.  Because plaintiff could have made such a proffer of allegedly important evidence, but did not, reconsideration is not available under an "ignored evidence" theory.[3]  *See Browning Ferris*, 2007 WL 1412087, at *1 (noting that RCFC 59 does not provide an occasion for a party "to raise arguments that it could have raised previously, but did not").

The next theme that emerges from plaintiff's motion is that the undersigned judge should have accorded all of plaintiff's pleadings and briefs the status of affidavits: "Rule 11 and common sense define all pro se litigant filings in federal courts to be affidavits regardless of form."  Pl.'s Mot. at 4.  Plaintiff cites no

---

[3]/ The same argument for reconsideration was rejected in *Brock IV*.

authority for this proposition.[4]  Again, this argument could have been made at the time plaintiff was resisting summary judgment and the dismissal of his suit. Therefore, Mr. Brock's suggestion that the court should have considered his filings to carry the weight of affidavits provides no justification for reconsideration of the court's June 7, 2012 judgment.[5]

Third, plaintiff recounts the difficulties he has encountered both in the prosecution of this case and as a result of his terminated government contract. Pl.'s Mot. at 6-8.  Difficult economic circumstances are not enough, however, to obtain reconsideration of the outcome of a lawsuit filed in this court.  "For a movant to prevail, he must point to a manifest error of law or mistake of fact." *Pikeville Coal*, 37 Fed. Cl. at 313.  Nothing in plaintiff's motion persuades this court that its June 7, 2012 opinion was incorrect as a matter of fact or law. Because plaintiff has not shown that the judgment entered in this case constituted a manifest injustice, his motion for reconsideration, even if it had been timely filed, *i.e.*, before July 5, 2012, would have been denied.

## V.      Analysis of Plaintiff's Motion for Relief from Judgment

### A.      RCFC 60(b)(4)

Mr. Brock's Rule 60(b) motion appears to allege that the undersigned judge committed legal error when dismissing his case. *See* Pl.'s Mot. at 2 ("Judge Bush ignored that evidence [filed with the complaint in Case No. 09-384] in violation of summary judgment law and precedent."), 9 (stating that the "USCFC judge willfully defie[d] standing law and their own pertinent precedents").  Plaintiff's motion, it seems, posits that the judgment entered June 7, 2012 is void under RCFC 60(b)(4) because it was incorrect.  As noted above, however, judicial error is not sufficient to render a judgment void or to obtain relief under

---

[4]/  The court has found no indication that this is a correct statement of the law.

[5]/  As this court held in *Brock III* and *Brock IV*, plaintiff's assertions in his second amended complaint and brief opposing summary judgment were insufficient to resist summary judgment in favor of the government.  The court correctly determined that plaintiff had failed to create any genuine issue of material fact in support of his contract claims.

RCFC 60(b)(4).[6] *Kennedy*, 99 Fed. Cl. at 541.

Mr. Brock does not contend that this court lacked jurisdiction to enter judgment for the government in this case. The only possible avenue for relief under RCFC 60(b)(4), therefore, is that plaintiff was deprived of due process in this case. Mr. Brock makes that allegation, Pl.'s Mot. at 5, but the court cannot agree.

Both *Brock III* and *Brock IV* demonstrate that the court made every effort to examine plaintiff's legal arguments and factual allegations and to provide him every opportunity to defend against the government's dispositive motion. Plaintiff's due process argument rests on an assumption that the court was required to find and rely upon evidence that was never filed in this case. *See* Pl.'s Mot. at 5 ("[I]ntentionally ignored prima facie evidence and the judge's knowledge of denied FOIA requests . . . proves that there was no due process . . . ."). The court is unaware of any due process requirement that obligates a judge to search through closed case files in order to decide a dispositive motion filed in a subsequent, related case. Because the court finds no jurisdictional infirmity or due process violation in the judgment entered June 7, 2012, no relief under RCFC 60(b)(4) is available to plaintiff.

## B.   RCFC 60(b)(6)

The court has sifted through Mr. Brock's contentions in his motion searching for extraordinary or rare circumstances that would justify relief from judgment. Plaintiff complains that he has been shuttled from federal court to federal court without obtaining satisfaction. Pl.'s Mot. at 5-7. Plaintiff also notes that he has been diligent in prosecuting his claims, despite the disadvantage of proceeding *pro se. Id.* at 6-7. In his reply brief, Mr. Brock further alleges, without any substantiation, that the government has lost or hidden evidence and has failed to investigate the factual circumstances of his claims. Plaintiff provides no evidence that rare or unusual circumstances impaired Mr. Brock's ability to obtain justice from this court.

---

[6]/   The court sees no judicial error in the judgment entered June 7, 2012, in any case.

The court concludes that plaintiff's claims were not rejected because of rare or extraordinary circumstances. As this court held in *Brock III* and *Brock IV*, the government was entitled to summary judgment because it had established a clear justification for the termination of Mr. Brock's contract for default, and all of Mr. Brock's other claims were necessarily dismissed for lack of jurisdiction or failure to state a claim upon which relief could be granted. On this record, no relief is available under RCFC 60(b)(6) for plaintiff.

## C.    RCFC 60(b)(3) and RCFC 60(d)(3)

Plaintiff's motion and reply brief rely upon numerous unsubstantiated allegations of fraud, and other ethical violations, perpetrated by government attorneys or agency officials. These allegations include: the filing of fraudulent affidavits; fraudulent promises of success if plaintiff filed suit in a different court; unethical "[j]urisdictional ping pong"; agency deceit and corruption; "fraudulent contentions" in government briefs; misrepresentation of fact; lies; and, wrongdoing. Pl.'s Mot. at 2-3, 5-7, 9; Pl.'s Reply at 1-4. However, as the court noted above, unsubstantiated accusations of fraud or other misconduct committed by counsel and agency officials are not enough to obtain relief from judgment under RCFC 60(b)(3). Mr. Brock has not shown any fraud or misconduct by the government which entitles him to relief from judgment. The court notes, too, that relief from judgment pursuant to RCFC 60(b)(3) is unavailable to plaintiff because his pending motion was not filed within one year of June 7, 2012. *See* RCFC 60(c)(1).

As for RCFC 60(d)(3), Mr. Brock levels a series of attacks against the integrity of this court. In his motion, plaintiff suggests that the undersigned judge ignored evidence because that evidence conflicted with "a predetermined [Department of Justice]-initiated outcome of partial summary judgment against the plaintiff." Pl.'s Mot. at 2. Plaintiff also accuses the undersigned of participating in unethical jurisdictional "ping pong" with the district court judges. *Id.* at 7. Further, according to Mr. Brock, the undersigned did not act impartially in this case and willfully caused him harm. *Id.* at 10.

These attacks on the integrity of this court are unsubstantiated and are patently false. The undersigned judge's rulings in this case were impartial and not at all "predetermined." The limits on this court's jurisdiction and the district

12

court's jurisdiction are imposed by Congress, not by the whim or bad faith of individual judges.  Because there has been no fraud or other unethical behavior by this court, relief from judgment is not available to Mr. Brock under RCFC 60(d)(3).

## VI.  Disqualification of the Undersigned Judge

Finally, the court turns to Mr. Brock's request that the undersigned judge recuse herself from this case.  Plaintiff relies on 28 U.S.C. § 455 (2012), the appropriate statute for the disqualification of judges of this court.[7]  Pl.'s Mot. at 10.  In essence, Mr. Brock appears to allege that the undersigned judge is biased and prejudiced against him, or at the very least, lacks impartiality.  *Id.*; *see* Pl.'s Reply at 1 (characterizing the government's response brief as an "attempt to pander favor from a federal judge and an attempt to exploit the obvious legal tension between the plaintiff and the same presiding judge that has chosen not to recuse herself under the present circumstances").

The controlling statute states, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a)-(b).  According to the binding precedent of the United States

---

[7]/ Plaintiff's reliance, in the alternative, on 28 U.S.C. § 144 (2012) is misplaced, because that statute applies to district court judges, not to judges of this court.  *See, e.g.*, *Flowers v. United States*, No. 05-1163, 2008 WL 1990854, at *2 (Fed. Cl. Jan. 29, 2008) (citing *Addams-More v. United States*, 79 Fed. Cl. 578, 579 n.1 (2007)), *aff'd*, 321 F. App'x 928 (Fed. Cir. 2008).

13

Supreme Court, deep-seated favoritism or antagonism is required for a successful bias or partiality motion under the federal judicial recusal statute:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a *deep-seated favoritism or antagonism* that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (emphasis added).  The Federal Circuit, in *Charron v. United States*, 200 F.3d 785 (Fed. Cir. 1999), also adopted this statement of the law on judicial disqualification provided in *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966):

> A judge is not to be faulted as biased or prejudiced because he has considered that the effective discharge of his responsibility over proceedings before him . . . has demanded the consistent rejection of an attorney's contentions or strong measures to prevent what he regards as inexcusable waste of time.

*Charron*, 200 F.3d at 789 (alteration in original).

Thus, the fact that a judge has been obliged to repeatedly rule against a party, or that a judge has required a clarification of a party's claims so that litigation may proceed efficiently, is not an indication that the judge is biased, prejudiced or partial.  Here, this court's rulings and case management orders have been fair and impartial.  Nothing in the record of this case, or in the record of plaintiff's previous case before this court, demonstrates bias or an appearance of bias on the part of the undersigned.  For this reason, disqualification pursuant to

14

28 U.S.C. § 455 is not appropriate.

## CONCLUSION

For the foregoing reasons, the court holds that plaintiff's motion, filed three and a half years after judgment was entered in this case, provides no basis for reconsideration or relief from judgment.  Accordingly, it is hereby **ORDERED** that

(1)    Plaintiff's Motion for Reconsideration/Motion for Relief from Judgment, filed January 28, 2016, is **DENIED**; and

(2)    The Clerk's Office is directed to **RETURN** all further submissions from plaintiff, other than a Notice of Appeal, to plaintiff **UNFILED**.

LYNN J. BUSH
Senior Judge

15